1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   AVON DAVIES,                              No.  2:14-cv-2831 CKD P

12                Plaintiff,

13        v.                                   ORDER

14   M. DELAVEGA, et al.,

15                Defendants.

16

17        Plaintiff is a state prisoner proceeding in forma pauperis with an action for violation of

18   civil rights under 42 U.S.C. § 1983.  He has consented to have all matters in this action before a

19   United States Magistrate Judge.  See 28 U.S.C. 636(c).  On December 17, 2014, plaintiff's

20   complaint was dismissed with leave to file an amended complaint.  Plaintiff has now filed an

21   amended complaint.

22        The court is required to screen complaints brought by prisoners seeking relief against a

23   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

24   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

25   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

26   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

27        A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

28   which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

                                            1

1  support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

2  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

3  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

4  this standard, the court must accept as true the allegations of the complaint in question, Hospital

5  Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

6  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

7  McKeithen, 395 U.S. 411, 421 (1969).

8      The court finds the allegations in plaintiff's amended complaint so vague and conclusory

9  that it fails to state a claim upon which relief can be granted.  Although the Federal Rules adopt a

10  flexible pleading policy, a complaint must give fair notice and state the elements of the claim

11  plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

12  Plaintiff must allege with at least some degree of particularity overt acts which defendants

13  engaged in that support plaintiff's claim.  Id.  Plaintiff's amended complaint must be dismissed.

14  The court will, however, grant plaintiff one final opportunity to amend his complaint.

15      If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how

16  the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or

17  statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Plaintiff complains about the

18  denial of adequate medical care.  Plaintiff is informed that denial or delay of medical care for a

19  prisoner's serious medical needs may constitute a violation of the prisoner's Eighth Amendment

20  rights.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  An individual is liable for such a

21  violation only when the individual is deliberately indifferent to a prisoner's serious medical

22  needs.  Id.

23      If plaintiff choses to file a second amended complaint, plaintiff must allege in specific

24  terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983

25  unless there is some affirmative link or connection between a defendant's actions and the claimed

26  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

27  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

28  /////

2

1  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

2  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

3       In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

4  make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended

5  complaint be complete in itself without reference to any prior pleading.  This is because, as a

6  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

7  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the original

8  pleading no longer serves any function in the case.  Therefore, in a second amended complaint, as

9  in an original complaint, each claim and the involvement of each defendant must be sufficiently

10  alleged.

11       Finally, the court notes that plaintiff has filed two motions for preliminary injunctive

12  relief.  Because no defendants have been served with process, the court does not have jurisdiction

13  to issue any orders granting preliminary injunctive relief.  Therefore, plaintiff's motions will be

14  denied without prejudice to renewal after a defendant has been served with process.

15       In accordance with the above, IT IS HEREBY ORDERED that:

16       1.  Plaintiff's amended complaint is dismissed.

17       2.  Plaintiff is granted thirty days from the date of service of this order to file a second

18  amended complaint that complies with the requirements of this order, the Civil Rights Act, the

19  Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint

20  must bear the docket number assigned this case and must be labeled "Second Amended

21  Complaint"; plaintiff must file an original and two copies of the second amended complaint;

22  failure to file a second amended complaint in accordance with this order will result in a

23  recommendation that this action be dismissed.

24  /////

25  /////

26  /////

27  /////

28  /////

3.  Plaintiff's motions for preliminary injunctive relief (ECF Nos. 22 & 23) are denied

without prejudice to renewal after a defendant has been served with process.

Dated:  March 17, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
davi2831.14(2)

4