UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVON DAVIES, | No. 2:14-cv-2831 CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| M. DELAVEGA, | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. His remaining claim is against defendant Dr. Charles Crosson, an ophthalmologist, for a violation of the Eighth Amendment. Plaintiff asserts treatment provided by Dr. Crosson amounts to cruel and unusual punishment.

Plaintiff seeks preliminary injunctive relief. Essentially, plaintiff asks that the court order the California Department of Corrections and Rehabilitation (CDCR) to provide plaintiff with an examination of his eyes by a "specialist in fungal infections."

First, CDCR is not a defendant in this case as it is immune from this action under the Eleventh Amendment. E.g. Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam). Therefore, the court cannot order CDCR to provide plaintiff with permanent or preliminary injunctive relief. Second, this action is not proceeding on a claim for injunctive relief so granting a "preliminary injunction" would not be proper.

1

The court notes that in the operative third amended complaint, plaintiff makes the same request for a preliminary injunction as he does in the motion before the court. When screening plaintiff's third amended complaint, the court construed plaintiff's request as a request for permanent injunctive relief and considered whether to permit plaintiff to proceed on that claim. However, the claim was screened out because plaintiff's assertion in his third amended complaint that he suffers from a fungal infection in either one or both of his eyes is based on nothing more than self-diagnosis. In his third amended complaint, plaintiff indicates he has been examined by defendant Crosson on several occasions and defendant Crosson has indicated that plaintiff does not have a fungal infection in either eye. Plaintiff requested a second opinion and defendant Crosson granted that request on June 4, 2014. Third Am. Compl. at 19. Plaintiff was examined on June 30, 2014 and the unidentified ophthalmologist confirmed that plaintiff does not have of fungal infection in either eye. Id. at 19. While the court permitted plaintiff to proceed against defendant Crosson on a claim for damages based upon treatment, or lack thereof, provided to plaintiff upon presentation of particular symptoms, the allegations in plaintiff's complaint fail to state a claim upon which relief can be granted based upon mere failure to diagnose plaintiff with a fungal infection. Finally, it is at least worth noting that a document attached to plaintiff's motion for a preliminary injunction reveals that plaintiff was examined by a doctor at the Modesto Eye Surgery Medical Group on September 28, 2015 and the examiner did not find that plaintiff suffers from a fungal infection in either eye. ECF No. at 62 at 20.

For these reasons, plaintiff's request for a preliminary injunction should be denied.

As an alternative to his request for a preliminary injunction, plaintiff asks that the court order that plaintiff be examined, diagnosed and treated by a specialist in fungal infections at the court's expense. This request is inappropriate in a number of respects, most notably, because there is nothing admissible before the court suggesting plaintiff has a fungal infection despite the fact that his condition has been reviewed by several physicians.

Finally, in his reply brief, plaintiff seeks to amend his complaint adding the warden at plaintiff's place of incarceration as a defendant so that the court would have a proper party

/////

2

against whom the court could order injunctive relief. Because there is no factual or legal basis for ordering injunctive relief, this request will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to file a fourth amended complaint is denied; and

2. The Clerk of the Court assign a district court judge to this case.

IT IS HEREBY RECOMMENDED that plaintiff's motion for a preliminary injunction (ECF No. 62) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 29, 2017

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
davi2831.pi